UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

HEARTLAND PROPERTIES, LLC                                      PLAINTIFF

v.                                    CIVIL ACTION NO. 3:05CV-328-S

LA QUINTA CORPORATION                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, La Quinta Corporation, for judgment on the pleadings or in the alternative to transfer the action to the United States District Court for the Eastern District of Wisconsin (DN 4).

The action arose from the alleged breach of a franchise agreement between the plaintiff, Heartland Properties LLC and Budgetel Franchises International, Inc.[1]  The parties entered into the agreement in March of 1994, and amendments to the agreement in October of 2001 and September of 2003.  For reasons not pertinent to the resolution of this motion, Heartland was notified by letter dated March 25, 2005 that its rights under the license agreement were being terminated.

The plaintiff filed this action in the Bullitt County, Kentucky, Circuit Court on May 17, 2005.  It was removed to this court by La Quinta, invoking our diversity jurisdiction.  On June 3, 2005, Baymont filed suit against Heartland, David W. and Betty L. Adams in the United States District Court for the Eastern District of Wisconsin alleging trademark infringement, false designation of origin, misappropriation of trade secrets, and breach of the license agreement.  In its statement of venue, it quotes the venue provision contained in the license agreement:

---

[1]The agreement, entitled simply "License Agreement," states that Budgetel is "a Wisconsin corporation and a wholly-owned subsidiary of Budgetel Inns, Inc., which is a wholly-owned subsidiary of The Marcus Corporation, a Wisconsin Corporation."  Budgetel changed its name to Baymont Franchises International, Inc.  The October 2001 and September 2003 amendments to the license agreements reference Baymont as the licensor.

> <u>Venue</u>. Licensee acknowledges that this Agreement is accepted and will be partially performed at Milwaukee, Wisconsin.  Accordingly, Licensee consents, with respect to any dispute arising under this Agreement or any ancillary agreement, to jurisdiction of courts of the State of Wisconsin and the United States District Court for the Eastern District of Wisconsin...

License Agreement, pg. 16.

We start from the premise that the forum selection clause is presumed valid and is enforceable unless shown to be unreasonable.  See *The M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 9, 92 S. Ct. 1907, 1913, 32 L. Ed. 2d 513 (1972).  As noted by the United States District Court for the District of Colorado in *Intermountain Systems, Inc. v. Edsall Construction Company*, 575 F. Supp. 1195, 1197 (D. Colo. 1983):

> The vast majority of courts today, however, follow the rule suggested by Judge Hand:  "Such clauses are prima facie valid and will be upheld absent a showing that they result from fraud or overreaching, that they are unreasonable or unfair, or that enforcement would contravene a strong public policy of the forum." [citation omitted].

That the Sixth Circuit has adhered to the rule enunciated by Judge Hand appears to be beyond peradventure.  *See Regis Associates v. Rank Hotels (Management) Ltd.*, 894 F.2d 193 (6th Cir. 1990); *In re Delta America Re Insurance Co.*, 900 F.2d 890 (6th Cir. 1990); *Moses v. Business Card Express, Inc.*, 929 F2d 1131 (6th Cir. 1991)("[a]t least since the Supreme Court's decision in *The Bremen*...such [forum selection] clauses are 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.' ")

The court has been shown no compelling reason to disregard the forum selection clause in the document which is the cornerstone of the litigation here and in Wisconsin.  The parties agreed to the Wisconsin forum as well as to the application of Wisconsin substantive law in construing the agreement.  License Agreement, pg. 16.

Heartland has stated repeatedly that Wisconsin no longer has any connection to the litigation after La Quinta, a Delaware corporation with its principal place of business in Texas, acquired the assets of The Marcus Corporation.  Heartland reasons that La Quinta has not "maintained the

integrity of Baymont," and has "conducted operations with its newly acquired franchisees as La Quinta." Heartland Response Brief at pg. 4. La Quinta contends that it was not a party to the license agreement. It states that La Quinta did not merge with Baymont, nor did Baymont assign its rights under the license agreement to La Quinta. Indeed, Baymont has filed the Wisconsin litigation over the license agreement. In light of the parties' selection of the Wisconsin forum for the resolution of issues arising under that agreement, the court will transfer venue and permit that court to determine the proper parties in interest. Heartland suggests generally that the court should give weight to the "convenience of potential witnesses" and considerations of "systemic integrity and fairness." Heartland Response Brief, pg. 7. However, it has not shown that these factors have altered since the inception of the license agreement. There has been no showing that it would be unfair to enforce the forum selection clause to which Heartland agreed.

Motion having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, La Quinta Corporation, for judgment on the pleadings, or in the alternative, to transfer venue (DN4) is **GRANTED IN PART**, and this action is **TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN** for all further proceedings. The clerk of court shall transfer the record in this matter upon entry of this order. There being no just reason for delay in its entry, this is a final order.

**IT IS SO ORDERED**.