UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LA QUINTA CORPORATION, et al.                                                        PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 3:05CV-328-S

HEARTLAND PROPERTIES, LLC                                                             DEFENDANT

## ORDER

This matter is before the court for consideration of the objections of the defendant, Heartland Properties, LLC,[1] to the March 19, 2007 Order of the United States Magistrate Judge denying Heartland's motion to reopen discovery and for an order compelling the plaintiffs, LaQuinta Corporation and Baymont Franchising LLC to produce witnesses for depositions, produce documents, and supplement interrogatories.  (DNs 48, 49, 50).

The magistrate judge carefully reviewed these matters and issued a detailed and well-reasoned opinion finding that the motions were untimely, deficient under the Federal Rules of Civil Procedure, and non-meritorious in light of the history of the case.  On review, this court may reconsider the decision of the magistrate judge where shown to be clearly erroneous or contrary to law.  As Heartland has failed to make such a showing, the March 19, 2007 Order will be affirmed.

Heartland has not shown that the magistrate judge erred in determining that its motions were untimely.  Heartland does not dispute that it filed its discovery motions more than six weeks after the close of discovery and simultaneously with its own motion for summary judgment in which it asserted that there is no genuine issue of material fact in this case.  The magistrate judge did not find any justification for Heartland's failure to seek the requested relief prior to the close of discovery. Heartland sought to forestall summary judgment rulings, yet it failed to comply with Fed.R.Civ.P.

---

[1] The parties are realigned, pursuant to the *sua sponte* order entered contemporaneously herewith.

- 2 -

56(f) which requires the filing of an affidavit setting out the specific discovery sought, explaining in detail how such discovery would enable the party to raise a genuine issue of material fact, and attesting to why the party had not previously obtained the requested discovery. The magistrate judge found the failure to file such an affidavit and the disharmonious assertion of a lack of genuine issue of material fact to be fatal to its discovery motions. We do not find these conclusions to be clearly erroneous. and under the authority of *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000), *Gettings v. Building Labors Local 310 Fringe Benefit Fund*, 349 F.3d 300, 305 (6th Cir. 2003), and *Singleton v. United States*, 277 F.3d 864, 872 (6th Cir. 2002), the ruling is not contrary to law.

The magistrate judge, in his discretion, determined that Heartland had adequate time prior to the expiration of discovery and summary judgment briefing to seek court intervention to address perceived discovery abuses. He concluded that "[s]uch delay is entirely unacceptable given the present posture of the proceedings." Order, p. 7, *citing, Wells v. Sears Roebuck & Co.*, 203 F.R.D. 240 (S.D.Miss. 2001) and *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620 (D.Nev. 1999). We do not find clear error in this determination.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the objections of the defendant, Heartland Properties LLC, are without merit and the March 19, 2007 Order of the United States Magistrate Judge is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the parties **shall file their reply briefs no later than eleven (11) days from the date of entry of this order.** The summary judgment motions will then stand submitted to the court for decision.

**IT IS SO ORDERED.**